[Civ. No. 9498.   Second Appellate District, Division One.—April 12, 1934.]

CITY OF LONG BEACH (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LOYD DeFRIES, Respondents.

Nowland M. Reid, City Attorney, and Edmund J. Callaway, Deputy City Attorney, for Petitioner.

Everett A. Corten and A. B. Rosenfield for Respondents.

CONREY, P. J.—On petition of the City of Long Beach the writ was issued herein for review of an award made by the Industrial Accident Commission in favor of respondent Loyd DeFries.   It is admitted that on April 7, 1933, DeFries was in the employ of the city as an electrician, and as such employee sustained an injury arising out of and occurring in the course of his employment.   No question is raised concerning the applicant's right to the ordinary compensation allowable for such injury or the amount thereof.   The claim in controversy herein relates solely to a demand for extra compensation by reason of serious and wilful misconduct of

the employer. The commission originally found that the injury was not caused by such serious and wilful misconduct. But a rehearing was granted, and thereupon the matter was again submitted without taking any further evidence. The commission then found that the injury was caused by the serious and wilful misconduct of the city, and that the employee was entitled to have his compensation increased fifty per cent as prescribed by the Compensation Act, and award was made accordingly. The present proceeding is a review of that award.

If the commission's finding that the injury "was caused by the serious and wilful misconduct" of the defendant city is supported by evidence of facts legally sufficient to justify the ultimate fact found, then the award must be affirmed; otherwise, the award should be annulled.

It is the "position of the Commission", as stated by its counsel, that serious and wilful misconduct of an employer is established in a case "where, regardless of violation of safety order or statute, the employer allows a palpably dangerous condition or instrumentality to exist on his premises, or at the place of employment, and then permits his employees to work exposed to such hazard. Under such conditions, the employer is presumed to have disregarded the safety of his employees and to have apparently been willing to inflict the injury suffered." The contention of respondents that the situation thus described applies to the case at bar is not accompanied by any claim that any safety order of the commission was violated or that any statute was violated by the employer.

Thus we are brought down to two facts, impliedly found by the commission, and on proof of which the validity of the award depends. These implied findings are, that a palpably dangerous condition existed on the premises where the applicant was required to work; and that the employer allowed that condition to exist, and permitted the applicant to work exposed to the hazard thus created.

The City of Long Beach maintains a street lighting system, for which it obtains electrical energy from the Southern California Edison Company. During the period of time to which this case relates (and, presumably, until now) the street lighting system was operated by the "electrical division" of the city's department of public service and en-

gineering. The electrical division was in charge of D. H. Alexander, city electrician. W. C. McMechem was an inspector, subordinate to Alexander. Paul Irwin was an assistant foreman, working under the directional authority of McMechem. On the day of the accident, DeFries was an electrician working under the direction of Paul Irwin.

Prior to the year 1933, the city had installed and operated a twelve-standard lamp circuit, which was part of a two-circuit outfit known as the Tenth Street extension. In November, 1932, the city electrician gave to the Edison Company notice of discontinuance of the lights of the Tenth Street extension, except two lamps thereof. On December 7th the company reported back that the Tenth Street extension had been disconnected. In fact, two lamps were retained, but not on the circuit where DeFries was injured. The electricity for this extension came through an underground lighting system. According to the uncontradicted testimony of inspector McMechem, early in December he pulled out the lamps (not the sockets) of that circuit, and at that time found that the circuit was dead. George Irwin, an electrician working under direction of city electrician Alexander, disconnected the line on or about the first of December. About the first of February he rechecked and found that the circuit was still disconnected. The street lighting director of the city "made a check" on this line at a date not stated, but prior to March 10th, and found it dead. On March 10th, by reason of an earthquake which caused much damage in Long Beach, there appears to have been some confusion in the operation of the city affairs, including the street lighting department, and during the following weeks much emergency work had to be done. On April 7th there was need for a supply of lamp sockets for installation, and Paul Irwin was instructed by George E. Irwin, an "Electrician, Class A", to go out to the Tenth Street extension and bring away the sockets there, from which the lamps had been removed. George Irwin told Paul that the line was dead. Under that order, Paul Irwin took DeFries with him to get the sockets. Paul told DeFries that the line was dead. So believing, they did not make any test, although the facilities for testing were there, and according to the accepted electrical practice they should have examined to see whether the circuit was energized. Because of some unau-

thorized interference, on the part of persons unknown, and at a time unknown, the circuit was now active. Thus the employee was exposed to the danger, with consequent injury to himself.

Interpretation of the phrase "serious and wilful misconduct", and also of the words "executive or managing officer" of a corporation, as those terms are used in the Workmen's Compensation etc. Act of 1917, section 6(b), may be found in *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180, 188 et seq. [193 Pac. 105, 16 A. L. R. 611], and several later decisions following the lead of the Horst Company case. Applying to this present case the measure prescribed by the statute as thus interpreted, we have reached the conclusion that there is no evidence of serious or wilful misconduct of the City of Long Beach, or its responsible agents, whereby the employee DeFries was injured. We agree with the statement summarizing the case, by counsel for petitioner, wherein they say: "Your petitioner having turned off the electric current from this circuit of ornamental lamp standards, and disconnected the automatic clock in the transformer box of the Southern California Edison Company, and thereafter twice checked it and found the line dead, and with no evidence of any orders to ever turn on the same, had every reason to believe that in removing the socket from said circuit it was safe to do so; there was no reason or anything brought to its notice to believe otherwise—thus the failure to check was not 'serious and wilful misconduct'."

The award is annulled.

Houser, J., and York, J., concurred.